IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER T. EILERS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 21 C 2924 |
| FEDERAL INSURANCE CO., | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Christopher Eilers was injured in an automobile accident caused by another driver's negligence. Eilers's employer had an excess liability insurance policy of which he was a beneficiary. Eilers has sued the insurer, Federal Insurance Company (which does business as Chubb) for breaching the insurance contract. Chubb has filed a motion to dismiss Eilers's complaint and compel arbitration of his claim. For the reasons stated below, the Court grants the motion to compel arbitration but stays the present case rather than dismissing it.

### Facts

On May 24, 2017, Eilers became a beneficiary of a group personal excess liability insurance policy issued by Chubb. This policy was issued to Eilers's employer, Raymond James Financial Inc., as part of an employee benefits plan that it provided to its employees. The insurance policy provides, among other things, excess underinsured motorist coverage for bodily injury damages up to $1 million.

The insurance policy includes an arbitration clause regarding

1

uninsured/underinsured motorist protection claims, which states:

> **Uninsured Motorists/Underinsured Motorists Protection Arbitration**
>
> If we and a covered person disagree whether that person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle/underinsured motor vehicle, or do not agree as to the amount of damages, either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree on a third arbitrator within 45 days, either may request that the arbitration be submitted to the American Arbitration Association. When the covered person's recovery exceeds the minimum limit specified in the applicable jurisdiction's financial responsibility law, each party will pay the expenses it incurs, and bear the expenses of the third arbitrator equally. Otherwise, we will bear all the expenses of the arbitration.
>
> Unless both parties agree otherwise, arbitration will take place in the county and state in which the covered person lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two arbitrators will be binding unless the recovery amount for bodily injury exceeds the minimum limit specified by the applicable jurisdiction's financial responsibility law. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrator's decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

Insurance Policy at 31 (dkt. no. 14-3).

On February 17, 2018, Eilers was injured in a motor vehicle accident. His injuries required surgery and left him with permanent and severe pain and suffering, and treatment is expected to continue for the rest of his life. The driver of the other vehicle was at fault but only had $100,000 in liability insurance coverage. Eilers received the full amount of that coverage, as well as the full amount payable under his own insurance policy, a total of $260,000 altogether. Eilers contends, however, that his damages far exceed this amount and that the other driver was therefore "underinsured" within the meaning of the Chubb policy.

Soon after the accident, Eilers filed a claim under the Chubb policy. In April

2

2020, he sought payment of $740,000. Chubb contested both the amount of damages claimed by Eilers and how its policy interacts with Eilers's own insurance. It offered to pay $300,000, which Eilers declined. Following further delays in settling his claim and deterioration in his condition, Eilers increased the amount of his claim under the Chubb excess insurance policy to $1 million. Chubb denied Eilers's revised claim, and the present lawsuit followed.

## Discussion

Chubb contends that Eilers's contested damages should be submitted to arbitration under the above-quoted provision of the insurance policy. Eilers contends that the arbitration clause is not mandatory and says that his claim for damages should be resolved in this lawsuit.

Under the Federal Arbitration Act, a contractual agreement to settle by arbitration a dispute arising from the contract is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Act further provides that if a court determines that an issue involved in a suit is subject to arbitration under such an agreement, the Court must stay further proceedings in the lawsuit and compel arbitration. *Id.* §§ 3, 4.

Eilers does not argue that the arbitration provision is invalid or unenforceable. He contends, however, that it is permissive, not mandatory—and he says that he prefers to have his dispute decided in court. In support of this contention, Eilers first argues that Chubb is barred by the doctrine of issue preclusion (collateral estoppel) from contending that arbitration is mandatory, based on a decision by another judge in this district. Specifically, in *Graham v. Chubb Insurance Co.*, No. 17 C 1793 (N.D. Ill.

May 2, 2017), the court concluded that arbitration under a similar provision was not mandatory. Eilers contends that this decision is binding on Chubb and that it cannot relitigate the point here.

A party claiming issue preclusion must establish four points: "(1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action." *H-D Michigan, Inc. v. Top Quality Serv., Inc.*, 496 F.3d 755, 760 (7th Cir. 2007). Elements 2 and 4 are not in contention, as Chubb was a represented party that actually litigated an arbitration issue in *Graham*. In addition, though the provision at issue in *Graham* is not identical to the one in the present insurance policy, Chubb does not argue that the issues in the two cases are different.

Chubb does, however, dispute the third element, which requires Eilers to show that the resolution of the arbitration in *Graham* was essential to the judgment in that case. Eilers has not made this showing. The arbitration ruling was not, of course, a final order in the case. One might argue that if the case had later been resolved by arbitration, the denial of arbitration would have been essential to the judgment, or at least essential enough. But that is not what happened. Rather, the case was dismissed pursuant to a settlement. The arbitration ruling was in no way essential to that resolution, which came about by way of a voluntary agreement between the two parties in *Graham*. Eilers argues that because the judge entered a final order dismissing the case pursuant to settlement, the order denying arbitration was essential to the

4

judgment—as the case was finally resolved when it was pending before a court, not an arbitrator. But that does not make the arbitration ruling "essential" (far from it, actually). In any event, under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), a stipulation for dismissal executed by all parties to a case—which is what the parties in *Graham* filed, *see* Case No. 17 C 1793, dkt. no. 39—is self-executing and enables dismissal of a case "without a court order," *see* Fed. R. Civ. P. 41(a)(1)(A). Courts in this district often enter orders confirmatory of a dismissal stipulation, as the judge in *Graham* did, but such orders are, under the Rules, superfluous. For these reasons, the ruling in *Graham* was in no way "essential to the judgment," and thus it does not preclude Chubb from litigating the permissive-vs.-mandatory issue in the present case.

*Graham* aside, Eilers argues that the arbitration clause is permissive and should be read in a way that does not require him to arbitrate the parties' dispute over the amount of his damages. The arbitration clause, quoted earlier, states in relevant part that "[i]f [Chubb] and a covered person . . . do not agree as to the amount of damages, either party *may* make a written demand for arbitration." Insurance Policy at 31 (dkt. no. 14-3) (emphasis added).

Eilers's argument is foreclosed by binding Seventh Circuit authority. In *Ceres Marine Terminals, Inc. v. International Longshoremen's Association, Local 1969, AFL-CIO*, 683 F.2d 242 (7th Cir. 1982), an employer sued its employees' labor union for breach of a collective bargaining agreement. The district court stayed the lawsuit and compelled arbitration of the employer's claim pursuant to an arbitration clause in the agreement. The employer appealed, arguing that the arbitration clause was permissive, not mandatory. Specifically, the arbitration clause stated that if a particular type of

5

dispute arose, the company "may present a grievance" and "may refer the grievance to arbitration." *Id.* at 245. The company argued that this gave it a choice between arbitration and filing a lawsuit. It also cited a provision of the agreement in which the union and its employees agreed that the grievance and arbitration procedures were adequate and exclusive, and it argued that the absence of a similar statement on the part of the company reinforced the permissive nature of the arbitration process for enforcing its rights. Finally, the company cited a term of the agreement stating that the arbitration procedure was "in addition to any other remedy" possessed by the company. *Id.* at 246.

The Seventh Circuit rejected the employer's argument. It cited the general principle that any doubts regarding arbitrability of a dispute "should be resolved in favor of arbitration." *Id.* at 244. The court held that when an "agreement uses the word 'may' or other facially 'permissive' language in establishing arbitration procedures [it] does not necessarily give a party to that agreement the option of either submitting its claim to arbitration or by-passing arbitration and seeking immediate recourse to the courts." *Id.* at 246. Rather, the court ruled, the phrase "may seek arbitration" meant simply that the aggrieved party could either pursue arbitration or relinquish its claim. *Id*.

The same is true here. Indeed, Eilers's argument that the insurance policy makes arbitration permissive, not mandatory, is far weaker than the plaintiff's argument in *Ceres*: Eilers (unlike the plaintiff in *Ceres*) cannot point to any other language in the agreement that can be read to suggest that arbitration is optional. Read in context, the arbitration provision in the Chubb policy does not suggest an arbitration-or-litigation option. Rather, it says that if there is a dispute, a party "may make a written demand for

6

arbitration."  Consistent with *Ceres*, the best reading of this is that if party disagrees with the other party's valuation of a claim, it may demand arbitration or accept the other party's valuation.

In fact, Chubb *did* request arbitration, as it was entitled to do under the arbitration clause.  On June 12, 2020, in e-mail correspondence between the parties' attorneys, Chubb's attorney specifically invoked arbitration.  Specifically, after some back-and-forth discussions over Eilers's claim, Chubb's lawyer stated, "we should get the arbitrators involves [sic] asap and then we can have status hearings and dates . . . and the arbitrators will rule on same."  He further stated, "lets [sic] get the arbitrators involved as I find the tone of your emails to be counterproductive to the reasonable and orderly completion of my investigation and I apparently require their assistance.  My arbitrator is Dan Costello at Daniel Costello & Associates in Chicago.  Please get me the name of your arbitrator next week."  Def.'s Reply, Ex. 1 at 2.  This was sufficient to constitute a demand for arbitration; no "magic words" or formula were required.  Once a party invokes its contractual right to seek arbitration, under the policy's arbitration clause that is where the dispute has to be resolved, at least in the first instance.  The policy does not give the opposing party the right to refuse an arbitration demand.

Eilers argues that *Ceres* does not apply here, because "Illinois insurance law requires ambiguities to be construed in favor of the insured."  Pl.'s Surreply at 1.  Perhaps so, but given *Ceres* the Court sees no ambiguity here.

Eilers also argues that because his employer negotiated the Chubb insurance policy, he did not agree to the contractual arbitration clause and therefore did not waive his Seventh Amendment right to a jury trial.  First of all, even if Eilers did not negotiate

7

the insurance policy, he *is* effectively a party to it: he is defined as a beneficiary by virtue of his designation by his employer. But that aside, Eilers is estopped from denying an obligation to arbitrate by virtue of the fact that he is knowingly seeking a direct benefit from a contract that contains an arbitration provision. *See Everett v. Paul Davis Restoration, Inc.*, 771 F.3d 380, 383 (7th Cir. 2014).

Finally, Eilers argues that arbitration would be punitive because it is an exercise in futility. The Court does not buy this argument. An arbitration panel may well make a decision that is favorable to Eilers, and there is no way to say that Chubb would reject such a decision and proceed to court (Eilers cites no evidence otherwise). A party is not excused from arbitration because of an unsupported assertion of futility, which is all that Eilers has advanced. *See Douglas v. Am. Info. Techs. Corp.*, 877 F.2d 565, 574 (7th Cir. 1989).

For these reasons, the Court grants Chubb's motion to compel arbitration. The Court declines, however, to dismiss the case as Chubb requests. The proper course under the Federal Arbitration Act's plain language is to stay the case, not dismiss it (at least when the arbitration is to take place in the district in which the lawsuit is pending, as is true here). *See* 9 U.S.C. § 3; *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008).

### Conclusion

For the reasons stated above, the Court grants defendant's motion to compel arbitration [6] and stays further proceedings in the case pending completion of arbitration under the liability insurance policy at issue in the case. All other motions are terminated as moot [13] [21]. The Court directs both parties to promptly initiate

8

arbitration under the insurance policies.  A joint status report on the status of arbitration is to be filed on December 6, 2021.  The telephonic status hearing set for November 3, 2021 is vacated and reset to April 13, 2021 at 8:45 a.m., using call-in number 888-684-8852, access code 746-1053.  Counsel should wait for the case to be called before announcing themselves.

Date:  October 27, 2021

                                                                                                            MATTHEW F. KENNELLY
                                                                                                           United States District Judge